This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Ford Jackson ("Jackson"), appeals from the decision of the Lorain County Court of Common Pleas which designated him a sexual predator. We affirm.
 I.
On December 12, 1990, Jackson was convicted of rape and gross sexual imposition. He was sentenced to two-years imprisonment for gross sexual imposition and to a term of seven to twenty-five years for rape. On November 8, 2001, the trial court found him to be a sexual predator pursuant to R.C. 2950.09. This appeal followed.
 II. Assignment of Error I
"APPELLANT'S INALIENABLE RIGHTS IN OHIO CONSTITUTION, ARTICLE I, §1, AN INHERENT CONDITIONAL CONTRACT IN OHIO CONSTITUTION, ARTICLE XV, § 7, AND R.C. § 3.23, AND SECTION 3 OF AM.SUB.S.B. 269, EFF. 7-1-96, BREACHED BY COMMON PLEAS [JUDGE'S] APPLICATION OF R.C. §2950.01 THROUGH R.C. § 2950.99 TO APPELLANT NOVEMBER 8, 2001."
In his first assignment of error, Jackson contends that the provisions of R.C. 2950.09, the sexual predator statute, should not be applied to him because the statute was enacted after he was convicted and sentenced. In essence, he argues that R.C. 2950.09 is unconstitutional because it violates the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. After a review of the record, we find that Jackson has waived review of this argument on appeal.
As a general matter, the constitutionality of a statute must be raised at the first opportunity and, in a criminal prosecution this means in the trial court. State v. Awan (1986), 22 Ohio St.3d 120, 122. We need not consider the argument for the first time on appeal if the party was aware of a constitutional issue but failed to bring to the trial court's attention. Id. A review of the record reveals that Jackson failed to object to the constitutionality of R.C. 2950.09 at any stage of his sexual predator hearing. As such, Jackson has waived this argument on appeal. His first assignment of error is overruled.
 Assignment of Error II
"APPELLANT'S INALIENABLE RIGHTS IN OHIO CONSTITUTION, ARTICLE I, § 1, AN INHERENT CONDITION CONTRACT IN OHIO CONSTITUTION, ARTICLE II, § 15(D), ARTICLE XV, § 7, AND R.C. §§ 3.23, 2901.04, AND U.S.C.A. CONST. ART. VI, CL.3, BREACHED BY COMMON PLEAS [JUDGE] APPLYING R.C. 2950.10 THRU R.C. 2950.99 ON NOVEMBER 8, 2001, TO APPELLANT'S INDEFINITE SENTENCE IMPOSED ON FORMER R.C. 2929.11 PENALTIES FOR FELONY, ABROGATED HISTORY AT: 146 V S 2, § 2, EFF. 7-1-96."
In his second assignment of error, Jackson asserts that the amended sentencing provisions of Am.Sub.S.B. No. 2 should have been applied to him. Jackson challenges his indefinite sentence of seven to twenty-five years for rape. He asserts that he should be re-sentenced according to the amended sentencing provisions.
Jackson failed to raise this issue before the trial court as well. Therefore, we decline to address it for the first time on appeal. SeeAwan, supra. Accordingly, his second assignment of error is overruled.
 III.
Having overruled both of Jackson's assignments of error, we affirm the decision of the Lorain County Court of Common Pleas.
CARR J., BATCHELDER, J. CONCUR